BELL & PAXTON
vs
RUCKER.

---

CHANCERY.

Case 89.

April 27.

# Bell and Paxton *vs* Rucker.

## ERROR TO THE ANDERSON CIRCUIT.

### Bills of Review. Fraud. Decrees.

JUDGE MARSHALL delivered the opinion of the Court.

Will the allegation that the defendant believed, when served with a subpœna in chancery, that it was to appear as a witness in any case be ground for a bill of review?

ALTHOUGH we are inclined to the opinion, upon the record now before us, that the decree, in the suit upon the mortgage, was erroneous, and that the proceedings therein were unjust and oppressive, so far as Bell and Paxton were concerned, yet as that case comes before us, on the present writ of error, so far only as the decree is impeached by the present bill, called a bill of review, either on the ground of error or on the ground of fraud, we cannot take notice of any errors therein, except such as are pointed out and relied upon in the bill of review. And as that bill points out no error, apparent in the record, and introduces no new fact which the complainants might not have relied on in the original suit, and accounts for their failure to answer and rely upon the facts in the original suit only upon the alledged ground that, when the subpœna was served on them, they supposed it to be a summons for them to appear as witnesses, and remained ignorant of the pendency of the suit against them until it was too late to answer; which allegation, if under any circumstances it would furnish ground for relief, is wholly unsustained by proof. Their

The allegation of fraud in obtaining a decree is not sustained by the allegation that the party, compl'ts, labored under a belief that he was served with a subpœ-

bill is entitled to no effect merely as a bill of review. And as the subpœna, in the original suit, appears by its return to have been properly executed, and there is no ground for imputing to the complainant therein the knowledge of any defect or misunderstanding in that respect, the charge of obtaining the decree by fraud re-

solves itself into the charge of obtaining a decree by regularly taking for confessed, a bill not sworn to nor alledged to have been read to or by the complainant, and which states facts known to him to be false, on which facts the decree against the present complainants was founded. The charge, thus understood is, perhaps, sustained by the pleadings and proof in the present case, to the extent at least that the complainant had no reason to believe all of his allegations to be true. But upon the face of the record, it was the plain duty of the present complainants to have answered these false allegations and stated their case fully in the original suit; and their failure to do so is imputable to their own laches. To allow them, under the circumstances and on the ground alledged, to set aside the decree, as having been fraudulenty procured, would be permitting them to derive an advantage from their own negligence, which would encourage inattention and neglect in suitors, and would cause an uncertainty and instability in decrees in chancery highly dangerous to the interests of society. ✗

Wherefore, without noticing the errors now assigned in the original decree, the decree dismissing the bill of review is affir med.

*Robertson and Draffin* for plaintiffs: *J. D. Hardin* for defendant.

<div style="text-align: right">

HEWITT, &c.
*vs*
STURDEVANT, &c

na to appear as a witness only, and that the bill contained falsehoods, the suggestions of counsel only, which the party would not have sworn to.